FILED
IN CLERK'S OFFICE

2025 DEC 26  PM 3: 33

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Case No.: 1:25-cv-13178-AK

THOMAS GREVE,

*Plaintiff,*

v.

CREDIT ACCEPTANCE CORPORATION, et al.,

*Defendants.*

## MEMORANDUM OF REASONS IN SUPPORT OF
## PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE

### I.      INTRODUCTION

Plaintiff Thomas Greve respectfully moves, pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A) and D. Mass. Local Rule 4.1(b), for an extension of the 90-day period to serve the summons and complaint. This motion is filed well before the January 28, 2026, deadline—with approximately 33 days remaining—and is necessitated solely because a threshold procedural matter, Plaintiff's Application to Proceed In Forma Pauperis ("IFP Motion"), remains pending. No defendant has been served, appeared, or will be prejudiced by a brief, finite extension. Denial, however, would risk dismissal of potentially time-barred claims despite Plaintiff's diligent efforts to comply with the Federal Rules. For the reasons below, the requested extension is authorized, reasonable, and in the interests of justice.

### II.      FACTUAL BACKGROUND

On October 30, 2025, Plaintiff filed the operative Complaint. Docket No. 1. That same day, Plaintiff filed an IFP Motion. Docket No. 2. The IFP Motion remains pending.

1

Rule 4(m) requires service within 90 days after filing the complaint. The period expires on January 28, 2026. Plaintiff filed this motion on December 26, 2025, with approximately 33 days remaining.

Plaintiff has completed all steps within his control. Plaintiff is prepared to present a completed summons for each Defendant to the Clerk for issuance and provide USM-285 forms to the Marshals Service. Decl. of Thomas Greve ¶ 8. Plaintiff has a concrete plan: if the IFP Motion is allowed, he will immediately submit summonses to the Clerk and forms to the Marshals; if denied, he will pay the filing fee and, within 14 days, arrange for service on or request waivers from each Defendant. *Id.* ¶¶ 4, 8–9. The sole impediment to service is the pending IFP Motion—a procedural prerequisite outside Plaintiff's control.

### III.    ARGUMENT

#### A.    The Court Has Authority to Extend the Time for Service Under Rule 4(m)

Rule 4(m) provides that if service is not made within 90 days, the court "must dismiss the action without prejudice … or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, the court must extend the deadline for an appropriate period. *Id.* Even absent good cause, the court retains discretion to extend the period. *Henderson v. United States,* 517 U.S. 654, 662 (1996). This discretion reflects the purpose of Rule 4(m), as recognized by the Supreme Court, to avoid dismissal where service is made within the allotted time or an extension granted by the court. *Id.* at 663; *see also McIsaac v. Ford,* 193 F. Supp. 2d 382, 384 (D. Mass. 2002) (noting the 1993 amendments "were meant to introduce a more liberal regime"); *Crispin-Taveras v. Municipality of Carolina,* 647 F.3d 1, 7 (1st Cir. 2011) (recognizing district court's option to order service within a specified time).

**B.    Plaintiff Has Shown Good Cause for an Extension Under Rule 4(m)**

Good cause exists where a plaintiff completes all steps within his control and the delay is attributable to external factors. *Benjamin v. Grosnick,* 999 F.2d 590, 592 (1st Cir. 1993). Here, Plaintiff filed the IFP Motion concurrently with the Complaint, prepared summonses and USM-285 forms in advance, and moved for an extension well before the deadline. The delay stems solely from the pendency of the IFP Motion—a matter beyond Plaintiff's control that directly affects the mechanism of service (by the Marshals if IFP is granted, or by Plaintiff if denied). Decl. ¶ 4. This Court has recognized that "last minute attempts at service, absent some explanatory justification, do not establish good cause." *McIsaac,* 193 F. Supp. 2d at 384. Plaintiff's proactive approach contrasts sharply with such scenarios and satisfies the good cause standard.

**C.    Even Absent Good Cause, Discretionary Factors Favor an Extension**

If the Court were to find no good cause, it should nonetheless exercise its discretion to extend the deadline. The following factors strongly support that result:

> 1.    Plaintiff moved more than 30 days before the deadline, avoiding any "last-minute" request. *McIsaac,* 193 F. Supp. 2d at 384.

> 2.    No defendant has been served or appeared; no party will be prejudiced by an extension.

> 3.    The 1993 amendments to Fed. R. Civ. P. 4 aimed to create "a more liberal regime, particularly to benefit pro se litigants." *Id.* at 384.

> 4.    An extension promotes adjudication on the merits.

> 5.    The requested 90-day extension from the date of the IFP ruling is finite and tailored to the specific procedural hurdle.

### D.    An Extension Is Independently Warranted Under Rule 6(b)(1)(A)

Rule 6(b)(1)(A) provides an independent, straightforward basis for relief. It permits the court to "extend the time … with or without motion or notice … for good cause" if the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). The "good cause" standard here is "less stringent than the … 'excusable neglect' standard." *Dimmitt v. Ockenfels,* 407 F.3d 21, 24 (1st Cir. 2005). Plaintiff has shown good cause by identifying the impediment early, acting diligently, and seeking relief well before the deadline. No prejudice exists. Granting the motion under Rule 6(b)(1)(A) offers a clean alternative path.

### E.    Denial Would Risk Dismissal of Potentially Time-Barred Claims

The Advisory Committee Notes to Rule 4(m) recognize that "the running of the statute of limitations" may justify an extension even absent good cause. Here, some claims may now be time-barred. Dismissal for failure to serve—where Plaintiff has acted diligently and the delay stems from a pending court filing—would permanently terminate those claims. This outcome would contravene the rule's intent to avoid harsh results when a plaintiff seeks relief proactively. *McIsaac,* 193 F. Supp. 2d at 384. Consistent with Fed. R. Civ. P. 1, judicial economy also favors a reasonable extension to allow the case to proceed on the merits.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Extend Time for Service pursuant to Fed. R. Civ. P. 4(m) and 6(b)(1)(A) and D. Mass. L. R. 4.1(b). Plaintiff has demonstrated good cause, and alternatively, the discretionary factors overwhelmingly support an extension. An extension will cause no prejudice, preserve Plaintiff's potentially time-barred claims, and serve the interests of justice.

Dated: December 26, 2025

Respectfully submitted,

THOMAS GREVE

Thomas Greve
Plaintiff, *Pro Se*
33 Dover Street
Cranston, RI 02920
401-449-3753
*thomgreve@gmail.com*