**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS GREVE,         ) | |
|            ) | |
|     **Plaintiff**       ) | |
|            ) | |
| **v.**             ) | **1:25-cv-13178-AK** |

THOMAS GREVE,                    )

   **Plaintiff**                     )

v.                              )          **1:25-cv-13178-AK**

CREDIT ACCCEPTANCE CORPORATION,   )
CAPE COD CARZ LLC, RICHARD GRAVINA )
 a/k/a RICHARD GRAVINA, SR., RICHARD C. )
GRAVINA a/k/a RICHARD GRAVINA, JR.,  )
MARY ELLEN GRAVINA, as TRUSTEE of   )
NIKO REALTY TRUST, WYNN'S EXTENDED )
CARE, INC., HYUNDAI MOTOR AMERICA,  )
HYUNDAI AMERICA TECHNICAL CENTER, )
INC., HYUNDAI MOTOR MANUFACTURING )
ALABAMA, LLC, BALISE MOTOR SALES    )
COMPANY, and CAPE HY, INC.,         )
                              )
    **Defendants**                 )

## MARY ELLEN GRAVINA'S MOTION TO DISMISS

NOW COMES the Defendant, Mary Ellen Gravina, as Trustee of Niko Realty Trust, in the above-captioned matter, and moves this Honorable Court to dismiss the above-captioned Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As grounds for this motion, the allegations in the Complaint fail to state claims against the Defendant upon which relief may be granted.

## ALLEGATIONS

Mrs. Gravina, as Trustee of Niko Realty Trust, owns the improved real property located at 153 Corporation Road, Hyannis, Massachusetts. (*Complaint,* ¶¶ 19, 22.)  Cape Cod Carz LLC rents the property at 153 Corporation Road from Mrs. Gravina, as Trustee, where it operates a used car

1

dealership. (*Complaint,* ¶¶ 9, 23.) Mrs. Gravina is married to Richard Gravina, Sr., who is a member and a manager of Cape Cod Carz LLC. (*Complaint,* ¶¶ 14, 21.)

In Count Two of his Complaint, the Plaintiff contends that Mrs. Gravina was part of a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (*Complaint,* ¶ 340.) Specifically, the Plaintiff claims that Ms. Gravina, "as the owner of the premises from which the [criminal] enterprise operated and the spouse of [Richard Gravina, Sr.], facilitated the scheme and benefited from its proceeds, thereby furthering the conspiracy's objectives and the resulting harm to the Plaintiff." (*Complaint,* ¶ 341.)

ARGUMENT

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Courts "will not accept a complainant's unsupported conclusions or interpretations of law.'" Rae v. Woburn Pub. Sch., 113 F.4th 86, 98 (1st Cir. 2024) (quoting Twombly, 550 U.S. at 555; Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993), cert. denied, 145 S. Ct. 1431 (2025)).

"Civil RICO claims must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it. [I]n cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants. . . . Accordingly, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." Pellegrino v. Joun, 2025 U.S. Dist. LEXIS 228087, *12-13 (quotation omitted).

"To survive a motion to dismiss, a RICO conspiracy count must allege (1) that an enterprise affecting interstate commerce existed, (2) that the defendant knowingly joined the conspiracy, and (3) that the defendant intended to further an endeavor which, if completed, would have satisfied the pattern requirement of RICO." Laverty v. Massad, 2009 U.S. Dist. LEXIS 55039, *6 (D. Mass. Mar. 10, 2009) (citing Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1561 (1st Cir. 1994); United States v. Cianci, 378 F.3d 71, 88 (1st Cir. 2004)).

To be liable, an outsider who does not participate directly in the predicate offenses "must knowingly agree to perform services of a kind which facilitate the activities of those who are operating the enterprise in an illegal manner." Crimson Galeria Ltd. P'ship v. Healthy Pharms, Inc., 337 F. Supp. 3d 20, 41-42 (D. Mass. 2018) (citing Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961, 967 (7th Cir. 2000); Reyes v. Zion First Nat'l Bank, 2012 U.S. Dist. LEXIS 38238, *6 (E.D. Pa. Mar. 21, 2012) ("Where a defendant is alleged to have conspired with a RICO enterprise to violate § 1962(c) by providing it what would ordinarily be lawful professional services, 'liability will arise only from services which were purposefully and knowingly directed at facilitating a criminal pattern of racketeering activity'"). "Neither mere knowledge of, nor association with, the alleged conspiracy, however, makes [an outsider] a conspirator." Id. (citing Abbott Labs. v. Adelphia Supply USA, 2017 U.S. Dist. LEXIS 1007, *9 (E.D.N.Y. Jan. 4, 2017); In re Reciprocal of Am. (ROA) Sales Practices Litig., 2006 U.S. Dist. LEXIS 39489, *7 (W.D. Tenn. June 13, 2006) ("[A]ssociation with conspirators and awareness of illegal activity alone are not sufficient to demonstrate conspiracy to violate RICO.")).

In the present matter, the allegations against Mrs. Gravina are simply that she, as Trustee, was married to a member of Cape Cod Carz LLC and owned the property where that company did

business.  The Complaint contains no allegation that Mrs. Gravina knowingly joined the conspiracy or intended to facilitate the enterprise.  Her provision of lawful services to Cape Cod Carz LLC, as its landlord, and her association with Richard Gravina, Sr., as his spouse, are insufficient as a matter of law to state a civil RICO claim.

CONCLUSION

Assuming all of the facts alleged by the Plaintiff as true, Mary Ellen Gravina, as Trustee of the Niko Realty Trust, was merely the owner of a property where Cape Cod Carz LLC, of which her husband is a member and manager, conducted business.  The Plaintiff does not allege that Mrs. Gravina was even aware of the criminal activities alleged to have been conducted on the property, much less that she knowingly agreed to facilitate such activity.  Under these circumstances, the claims against Mrs. Gravina must be dismissed.

Respectfully Submitted,

MARY ELLEN GRAVINA, TRUSTEE,
NIKO REALTY TRUST,
By Her Attorney,

DATED:  March 3, 2026

/s/ *Seth G. Roman*

SETH G. ROMAN, ESQUIRE
BBO# 638700
La Tanzi, Spaulding & Landreth, LLP
20 West Road, P.O. Box 2300
Orleans, Massachusetts 02653
508-771-4210
sroman@latanzi.com

Certificate of Service

I, Seth G. Roman, hereby certify that this document was filed electronically through the ECF system on March 3, 2026, will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and will be mailed to non-registered participants as indicated on the NEF.

/s/ *Seth G. Roman*

_____

Seth G. Roman

5