**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **THOMAS GREVE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**CREDIT ACCEPTANCE CORPORATION, CAPE COD CARZ LLC, RICHARD GRAVINA a/k/a RICHARD GRAVINA, SR., RICHARD C. GRAVINA a/k/a RICHARD GRAVINA, JR., MARY ELLEN GRAVINA, as TRUSTEE of NIKO REALTY TRUST, WYNN'S EXTENDED CARE, INC., HYUNDAI MOTOR AMERICA, HYUNDAI AMERICA TECHNICAL CENTER, INC., HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, BALISE MOTOR SALES COMPANY, and CAPE HY, INC.,**<br><br>**Defendants** | ) | **1:25-cv-13178-AK** |

**<u>WYNN'S EXTENDED CARE, INC.'S MOTION TO DISMISS</u>**

NOW COMES the Defendant, Wynn's Extended Care, Inc. ("WEC" or "Defendant"), in the above-captioned matter, and moves this Honorable Court to dismiss the above-captioned Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] As grounds for this motion, Defendant submits that the allegations in the Complaint fail to state claims against the Defendant upon which relief may be granted.

**BACKGROUND**

This matter arises out of Plaintiff's purchase of a 2011 Hyundai Sonata Limited ("Vehicle") from Cape Cod Carz, LLC ("CCC") on or about October 30, 2021. (Complaint ¶¶ 87, 96, 98, 99). CCC is a dealer that partners with Credit Acceptance Corporation ("CAC") to offer CAC loans to

[1] By filing this Motion to Dismiss, Defendant is in no way waiving any other defenses to this matter.

consumers. (Complaint ¶ 109). CAC permits dealers to sell two pre-approved add-on products with the loans, a vehicle service contract ("VSC") and guaranteed asset protection ("GAP"). (Complaint ¶ 112). WEC is a selected third-party administrator for add-ons by CAC. (Complaint ¶114). Plaintiff alleges that CCC told him that he was required to purchase the VSC from WEC in order to be eligible for the CAC loan. (Complaint ¶119). Under the belief that the VSC was required, Plaintiff agreed to the inclusion of VSC. (Complaint ¶¶119, 121).

Plaintiff alleges that Richard Gravina, Jr., affixed Plaintiff's signature to three documents including, WEC's Wynn's Plus+ Vehicle Service Contract/Application. (Complaint ¶ 128). Sometime after the loan was finalized, Plaintiff received a letter dated October 31, 2021, from CAC informing him that the VSC was not required for purchase as a condition of the loan and that he had the option to cancel the VSC. (Complaint ¶ 153). Mr. Greve cancelled the VSC and on or about November 20, 2021, he received a letter from CAC confirming the VSC had been cancelled and that he would receive a refund for the purchase price. (Complaint ¶ ¶ 154, 155).

## ARGUMENT

### 1. Legal Standard

"[A] plaintiff's obligation to provide the [**1965] "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (*see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).” *Id.* at 679.

**2. Count One and Count Two RICO Charges Must Be Dismissed as WEC Was Not a Participant in the Underlying Transaction**

"A successful civil RICO action requires proof of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Langan v. Smith*, 312 F. Supp. 3d 201, 204 (D. Mass. 2018) (*quoting In re Lupron Mktg. & Sales Practices Litig.*, 295 F. Supp. 2d 148, 163 (D. Mass. 2003) (citations and quotation marks omitted). “In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs.” *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S. Ct. 1163, 1170 (1993). “A RICO conspiracy [**16] claim under 18 U.S.C. § 1962(d) typically cannot survive without a viable substantive RICO claim.” *Langan v. Smith*, 312 F. Supp. 3d 201, 208 (D. Mass. 2018) (citing *see Efron*, 223 F.3d at 21; *Lightning Lube, Inc*., 4 F.3d at 1191).

WEC was not a participant in the underlying transaction between CCC and Plaintiff. WEC offers an optional add-on service for the purchase of vehicles. Plaintiff does not allege that WEC was present during the transaction, that WEC failed to cancel the VSC upon request, or any allegation that constitutes a violation of any law. Plaintiff has provided no support and or any facts to support that WEC participated in any conduct in concert with the alleged enterprise. Plaintiff’s own facts allege that CAC created and controlled the process for selling add-on products, that CAC selected the third-party administrator for the add-on, controls the price of the add-on, and drafts the contract template that will govern the add-on agreement. (Complaint ¶ 114). Plaintiff has not provided any facts to indicate that WEC participated or took any action in directing CEC or CCC in how they utilize and/or sell WEC’s add-on service. Plaintiff has not and cannot allege any facts

that would show or otherwise indicate that WEC participated in the sale of the Vehicle to Mr. Greve.

Further, WEC did not knowingly or unknowingly join the conspiracy. WEC merely offers to consumers an additional and optional Vehicle Service Contract. Further, the agreement includes express language that is bold and in all-caps stating that the VSC does not need to be purchased for financing. WEC has no control over the alleged actions of CAC, CEC, or Richard Gravina, Jr. Plaintiff has not alleged that WEC was present and/or participated in the sale. Further, upon request from Mr. Greve, the contract was cancelled, and a reimbursement issued. WEC has not benefitted from this transaction and any alleged harm to the Plaintiff is not attributable to WEC. Plaintiff has no damages related to WEC.

Count One of Plaintiff's Complaint against WEC should be dismissed for failure to state a claim upon which relief can be granted. The Complaint lacks any factual allegations suggesting that WEC conducted, participated in, or managed the affairs of an "enterprise." Furthermore, the Plaintiff fails to allege that the Defendant had any knowledge of the underlying circumstances or specific transactions surrounding the purchase of the Vehicle. Because Plaintiff has failed to establish a viable against WEC in Count One, the Count Two allegation of conspiracy must also be dismissed. A RICO conspiracy claim under 18 U.S.C. § 1962(d) typically cannot survive without a viable substantive RICO claim, as such Count Two must also be dismissed. *Langan v. Smith*, 312 F. Supp. 3d 201, 208 (D. Mass. 2018) (citing *see Efron*, 223 F.3d at 21; *Lightning Lube, Inc*., 4 F.3d at 1191).

**3. Count Three Was Not Timely Filed and Therefore it is Barred by the Statute of Limitations**

In Count Three of his Complaint, Mr. Greve alleges that WEC, among other co-defendants, violated Mass. Gen. Laws ch. 231 §85J. Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within

three years next after the cause of action accrues. M. G. L. c. 260, § 2A. Mr. Greve purchased the Vehicle on or about October 30, 2021. Sometime after his purchase, Mr. Greve received notice that he could cancel the VSC agreement. On or about November 20, 2021, Mr. Greve received confirmation that the VSC had been cancelled, and he would be refunded. Mr. Greve did not file this lawsuit until October 30, 2025, nearly four years after the transaction and after the cancelation of the VSC. Any allegations specific to WEC were connected to the existence of the VSC. The moment the Plaintiff learned the VSC was optional, Plaintiff's three-year clock to bring his alleged tort claim relative to it started to run. Count Three of Plaintiff's Complaint must be dismissed as a matter of law because it was not timely filed within the applicable three-year time period per M. G. L. c. 260, § 2A. The record demonstrates that the Plaintiff failed to initiate this cause of action within the timeframe and therefore Plaintiff's claim is barred and must be dismissed.

Should the Court determine that this claim was timely filed, the Court should dismiss WEC on the grounds that WEC was not a participant in the underlying transaction as stated above. The facts as alleged by the Plaintiff do not in any conceivable way classify WEC as a seller in the transaction of the Vehicle nor has there been any assertion or evidence that WEC was aware or even could have been aware of the sale process at CCC. WEC offers an optional add-on service, WEC's contract for the add-on service, includes a Massachusetts notice in bold and all-caps, in clear and unambiguous language that the contract is not required to finance a vehicle. WEC's contract states clearly that Mr. Greve did not have to purchase the VSC. Furthermore, WEC neither obstructed nor delayed the cancellation of the VSC following Plaintiff's request. The record is devoid of any act or omission by WEC that supports Plaintiff's allegations, as such Plaintiff's claims should be dismissed.

## CONCLUSION

Even assuming arguendo that the facts alleged by the Plaintiff are true, WEC was only a provider of an optional add-on service. There is no evidence outside of conclusory statements by the Plaintiff that WEC was aware of the circumstances by which Plaintiff alleges to have been coerced into purchasing the VSC add-on. Contrary to Plaintiff's allegations, WEC is not a member to any "enterprise" and was not involved, participated in, or benefitted from, Plaintiff's purchase of the VSC. As such, Counts One and Two against WEC must be dismissed. Further, Count Three must be dismissed as it was not timely filed and therefore barred by the statute of limitations.

Respectfully submitted,
Defendant,
Wynn's Extended Care, Inc.
By its attorney,

*/s/ Kelsey A. Taber*

Kelsey A. Taber, BBO #708470
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Kelsey.Taber@wilsonelser.com

Dated: March 12, 2026

**CERTIFICATE OF SERVICE**

I, Kelsey A. Taber, hereby certify that this document was filed electronically through the ECF system on March 12, 2026, will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and will be mailed to non-registered participants as indicated on the NEF.

*/s/ Kelsey A. Taber*
Kelsey A. Taber

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I, Kelsey A. Taber, pursuant to Local Rule 7.1, emailed Plaintiff on March 12, 2026, and telephoned Plaintiff on March 12, 2026, in an effort to confer in good faith to resolve or narrow the issue. However, as of the date of this filing, I have not received a response from Plaintiff.

*/s/ Kelsey A. Taber*
Kelsey A. Taber