**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS GREVE,       ) | |
|       ) | |
|     **Plaintiff,**    ) | |
| **v.**      ) | **CIVIL ACTION NO.** |
|       ) | **1:25-cv-13178-AK** |
| **CREDIT ACCEPTANCE CORPORATION,**  ) | |
| **et al.,**      ) | |
|       ) | |
|       ) | |
|     **Defendants.**    ) | |

## DEFENDANTS HYUNDAI MOTOR AMERICA, HYUNDAI AMERICA TECHNICAL CENTER, INC., AND HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S MOTION TO DISMISS

NOW COMES Defendants Hyundai Motor America ("HMA"), Hyundai America Technical Center, Inc. ("HATCI"), Hyundai Motor Manufacturing Alabama, LLC ("HMMA") (collectively, "Hyundai Defendants"), by and through their attorneys, RoseWaldorf PLLC, and hereby move for an Order, pursuant to Rules 12(b)(2) and 12(b)(6), of the Federal Rules of Civil Procedure, dismissing the Complaint of Plaintiff Thomas Greve ("Plaintiff") in its entirety with prejudice. In support of the motion, Hyundai Defendants refer the Court to the accompanying memorandum of law, along with the pleadings filed herein. In further support of the motion, Defendant states as follows:

1. On or about October 30, 2025, Plaintiff filed the Complaint asserting claims as against Hyundai Defendants for breach of implied warranty of merchantability (Count Eight) and breach of implied warranty of fitness for a particular purpose (Count Nine), and as against HMA for violation of the Magnuson-Moss Warranty Act ("MMWA") (Count Ten), fraudulent misrepresentation (Count Eleven), negligent misrepresentation (Count Twelve), violation of the

Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") (Count Sixteen), and as against HMMA for violation of Chapter 93A.  *See generally*, Doc. No. 1 ("Compl.").[1]

2.      As set forth in the Complaint, Plaintiff's claims against Hyundai Defendants are based upon allegations that the 2011 Hyundai Sonata which Plaintiff purchased used from co-defendant Cape Cod Carz LLC ("CCC") on October 30, 2021 with 63,468 miles had an engine defect that should have been covered under warranty.  Compl. ¶¶ 88, 104, 187.

## THE COMPLAINT SHOULD BE DISMISSED AGAINST HYUNDAI DEFENDANTS IN ITS ENTIRETY

3.      As set forth more fully in the accompanying memorandum of law, the Court lacks personal jurisdiction over HATCI and HMMA and therefore, both defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

4.      Moreover, Plaintiff's warranty-related claims against Hyundai Defendants (Counts Eight, Nine, and Ten) should also be dismissed because the claims: (a) fail to plead distinct allegations against Hyundai Defendants; (b) fail to provide any factual allegations to support a breach of warranty claim; and (c) are time-barred.

5.      Furthermore, Plaintiff's fraudulent misrepresentation claim against HMA (Count Eleven), Chapter 93A claim against HMA (Count Sixteen), and Chapter 93A claim against HMMA (Count Seventeen) fail as a matter of law because the Complaint does not comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirements and fails to state a claim.

6.      Finally, Plaintiff's negligent misrepresentation claim (Count Twelve) is barred by the economic loss rule and also time-barred.

---

[1] Following service of the Complaint, Hyundai Defendants filed a motion for extension of time to respond to the Complaint through March 31, 2026.  *See* Doc. No. 28.  Plaintiff did not object nor oppose the motion.

## ORAL ARGUMENT REQUESTED

7.      Defendant requests oral argument as it will assist this Court in determining Defendant's motion to dismiss.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

8.      On March 30, 2026, the undersigned counsel sent an email to Plaintiff advising of Hyundai Defendants intent to file the instant motion to dismiss in an effort to meet and confer to avoid any unnecessary motion practice.  However, the parties did not reach any agreement with respect to the outstanding issues presented in this motion.

9.      Based on the foregoing, I hereby certify that I have attempted in good faith to resolve or narrow the issues raised in this motion.

WHEREFORE for all the foregoing reasons, Defendants Hyundai Motor America, Hyundai America Technical Center, Inc., and Hyundai Motor Manufacturing Alabama, LLC respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:  March 31, 2026                   Respectfully submitted,

Defendants Hyundai Motor America, Hyundai America Technical Center, Inc., and Hyundai Motor Manufacturing Alabama, LLC
By their attorneys


 s/ Joseph Muccio
Joseph Muccio III, Esq. (BBO #706845)
ROSEWALDORF PLLC
501 New Karner Road
Albany, New York 12205
(518) 869-9200

3

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered on this date, March 31, 2026.

 *s/ Joseph Muccio*
Joseph Muccio III, Esq. (BBO #706845)