**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS GREVE,　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Plaintiff,　　　　　　) | |
| v.　　　　　　　　　　　　　　　　) | **CIVIL ACTION NO.** |
| 　　　　　　　　　　　　　　　　　) | **1:25-cv-13178-AK** |
| CREDIT ACCEPTANCE CORPORATION,　) | |
| et al.,　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Defendants.　　　　　) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HYUNDAI MOTOR AMERICA, HYUNDAI AMERICA TECHNICAL CENTER, INC., AND HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S MOTION TO DISMISS**

This memorandum of law is submitted by Defendants Hyundai Motor America ("HMA"), Hyundai America Technical Center, Inc. ("HATCI"), Hyundai Motor Manufacturing Alabama, LLC ("HMMA") (collectively, "Hyundai Defendants"), by and through their attorneys, RoseWaldorf PLLC, in support of their motion for an Order, pursuant to Rules 12(b)(2) and 12(b)(6), of the Federal Rules of Civil Procedure, dismissing the Complaint of Plaintiff Thomas Greve ("Plaintiff") in its entirety with prejudice.

**RELEVANT FACTUAL BACKGROUND**

On or about October 30, 2025, Plaintiff filed the Complaint asserting claims as against Hyundai Defendants for breach of implied warranty of merchantability (Count Eight) and breach of implied warranty of fitness for a particular purpose (Count Nine), as against HMA for violation of the Magnuson-Moss Warranty Act ("MMWA") (Count Ten), fraudulent misrepresentation (Count Eleven), negligent misrepresentation (Count Twelve), violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") (Count Sixteen), and as against HMMA

1

for violation of Chapter 93A.  *See generally*, Doc. No. 1 ("Compl.").

In the complaint, Plaintiff alleges that on October 30, 2021, Plaintiff purchased a used 2011 Hyundai Sonata ("vehicle") from co-defendant Cape Cod Carz LLC ("CCC").  Compl. ¶ 104.  The vehicle had approximately 63,468 miles on it at the time of sale.  *Id*. at ¶ 88.  Plaintiff alleges a variety of sales-related issues concerning both the vehicle and transaction against other defendants, which do not implicate Hyundai Defendants.  As relevant here, Plaintiff alleges that the vehicle experienced certain engine issues.  *Id*. at ¶¶ 187- 193.  Importantly, Plaintiff acknowledges that HATCI is a Michigan corporation with its principal place of business in Michigan (*id.* at ¶ 31) and that HMMA is a Delaware LLC with its principal place of business in Alabama (*id.* at ¶ 35).  While Plaintiff asserts conclusory and vague allegations that the Court has jurisdiction over these foreign entities, Plaintiff does not allege that either HMMA or HATCI is registered to conduct business in Massachusetts and the sole allegations against HMMA and HATCI are that the "vehicle contained a 2.4-liter engine, manufactured by HMMA at its manufacturing facility in Montgomery, Alabama, and was designed in part by [HATCI]."  *Id*. at ¶ 188.  The Complaint does not contain allegations that HMMA or HATCI provided any warranty on the vehicle, were involved in the sales transaction, or otherwise had any dealings with Plaintiff.  As for HMA, Plaintiff alleges that HMA is the warrantor of the vehicle.  *Id*. at ¶ 196.

As set forth in the operative pleading, Plaintiff's claims are all based upon allegations that the vehicle stopped accelerating and power steering failed on or about March 21, 2023.  *Id*. at ¶¶ 208-211.  After having the vehicle towed to M&N Auto Repair, Plaintiff alleges that he spoke with a M&N Auto Repair employee, who advised Plaintiff of an HMA warranty provided a "lifetime warranty" for engine rod bearing failure.  *Id*. at ¶ 211.  Plaintiff then called BHCC, who informed Plaintiff that the vehicle was ineligible for coverage under the warranty because "it did not have

the required software update issued under Service Campaign 953." *Id*. at ¶ 213.  Plaintiff further alleges that he requested coverage under the warranty which HMA denied.  *Id*. at ¶¶ 234-235.

As set forth more fully below, Plaintiff's claims against Hyundai Defendants should be dismissed in their entirety.

### STANDARD

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's obligation to provide the "grounds" for entitlement to relief requires "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  In considering a F.R.C.P. Rule 12(b)(6) motion, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679.  The Court should determine whether a plaintiff's factual allegations "plausibly give rise to an entitlement to relief." *Id*.

Moreover, in order to survive a motion to dismiss, a complaint must include "enough detail to provide a defendant with fair notice of what the claim is and the grounds upon which it rests." *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) (citations omitted).  In addition, the court "may supplement the facts contained in the pleadings by considering documents central to plaintiff's claims and documents sufficiently referenced in the complaint." *Ivymedia Corporation v. iLIKEBUS, Inc.*, 2015 WL 4254387 (D.Mass.2015) citing *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir.2007).

## ARGUMENT

### I. THE COURT SHOULD DISMISS HATCI AND HMMA FOR LACK OF PERSONAL JURISDICTION

This Court should dismiss Plaintiff's Complaint against HATCI and HMMA because the Court lacks personal jurisdiction over these defendants.  For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be general or specific.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists where a defendant's contacts with the state are continuous and systematic to render them at home.  *Id*.  For specific jurisdiction, a plaintiff must demonstrate that: (1) "[its] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state''s courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable." *See Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 258 (1st Cir. 2022) (citation omitted).  A plaintiff has the burden to demonstrate personal jurisdiction and unsupported allegations are insufficient.  *See Ryan v. Newark Grp., Inc.*, 2025 U.S. Dist. LEXIS 267723 at *19-20 (D. Mass. Dec. 30, 2025).

Here, the Complaint contains *no allegations* that HATCI or HMMA engaged in any of the specific acts alleged by Plaintiff – let alone any basis for the Court to exercise general jurisdiction. Plaintiff alleges that HATCI is a Michigan corporation with a principal place of business in Michigan, and that HMMA is a Delaware LLC with a principal place of business in Alabama. Compl. ¶¶ 31-35.   Plaintiff concedes that HATCI and HMMA are non-resident defendants as

Plaintiff provided an address to the U.S. Marshal to serve the Summons and Complaint out-of-state. *See* Dkt. No. 15-16. The sole allegations against these entities are that the "vehicle contained a 2.4-liter engine, manufactured by HMMA at its manufacturing facility in Montgomery, Alabama, and was designed in part by [HATCI]." Compl. ¶ 188. Therefore, as the Complaint does not even include a colorable allegation that HATCI or HMMA engaged in any of the specific acts or allegations of wrongdoing, then there is no basis to support personal jurisdiction over these defendants. *See Three Girls Fishing LLC v. Pan Am. Power Corp.*, 2024 U.S. Dist. LEXIS 142548 at *19 (D. Maine Aug. 12, 2024) (dismissing a claim against a company where "there is nothing tying [the defendant] to [the forum state] other than the fact that the engine ended up there."). Accordingly, this Court should dismiss the claims asserted against HATCI and HMMA with prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

## II.   PLAINTIFF'S WARRANTY-RELATED CLAIMS AGAINST HYUNDAI DEFENDANTS FAIL AS A MATTER OF LAW

In the Complaint, Plaintiff asserts claims against Hyundai Defendants for breach of implied warranty of merchantability (Count Eight) and breach of implied warranty of fitness for a particular purpose (Count Nine), along with a claim against HMA for violation of the federal Magnuson-Moss Warranty Act (Count Ten). Even assuming personal jurisdiction over HATCI and HMMA, Plaintiff's Complaint contains nothing more than general conclusory allegations insufficient to support a claim for breach of warranty and regardless, the warranty-related claims are time-barred. Thus, Counts Eight, Nine, and Ten of the Complaint should be dismissed.

### A.   <u>Plaintiff Fails to Plead Distinct Allegations against Hyundai Defendants in Counts Eight, Nine and Ten</u>

Counts Eight, Nine, and Ten of Plaintiff's Complaint seeks to assert warranty-related claims against Hyundai Defendants and another defendant, CCC. However, Plaintiff fails to make

any specific allegations as it pertains to each of these defendants.

Indeed, Fed.R.Civ.P. (8)(a)(2) "requires a short and plain statement of the claim showing that the pleader is entitled to relief." To that end, courts have held that "[w]here a plaintiff brings a claim against multiple defendants, the pleading must identify the alleged misconduct and legal claims against each individual defendant." *Campbell v. Mass. P'ship for Corr. Health*, 2018 U.S. Dist. LEXIS 4956 at *4-5 (D. Mass. Jan. 11, 2018); *Carp v. XL Ins.*, 754 S. Supp. 2d 230, 234 (D. Mass. 2010) ("Plaintiffs' allegations amount to overly broad conclusions in which they refer to the defendants as a group, rather than individually. Furthermore, the plaintiffs do not adequately allege how the defendants' actions caused them harm. Such broad and imprecise allegations are not sufficient to survive a motion to dismiss.").

In Count Eight, Plaintiff merely alleges that "Count Eight Defendants knew that purchasers, like Plaintiff, relied upon them to design, manufacture, produce, and sell products that were reasonably safe and not deceptively marketed." Compl. ¶402. Similarly in Count Nine, Plaintiff provides that "Plaintiff relief on the skill and judgment of CCC, HMA, HATCI and HMMA . . . in purchasing the Vehicle." *Id*. at ¶ 408. Plaintiff fails to identify or assert any specific factual allegations against Hyundai Defendants which could support his claim. In Count Ten, Plaintiff asserts that as "a direct and proximate result of CCC and HMA's conduct, Plaintiff has suffered damages" without identifying sufficient specific factual allegations against HMA and CCS to support his claim and otherwise distinguish the allegations as they pertain to HMA and CCC. Therefore, Counts Eight, Nine, and Ten should be dismissed for this reason.

**B.      Plaintiff Also Fails to Provide Any Factual Allegations to Support a Breach of Warranty Claim in Counts Eight, Nine, and Ten**

In addition to Plaintiff's failure to allege sufficient facts to distinguish amongst the multiple defendants, Plaintiff also fails to provide any allegations to support a breach of warranty claim

6

against Hyundai Defendants in Counts Eight, Nine, and Ten.

First, with respect to any claim for breach of implied warranty of merchantability, G.L. c. 106 § 2-314 provides in pertinent part that "a warranty that the goods shall be merchantable is implied in a contact for their sale if the seller is a merchant with respect to goods of that kind." Furthermore, "[i]n order for a consumer to prevail in an action for damages for breach of an implied warranty of merchantability under G.L. c. 106 § 2-314, he must demonstrate that the commodity was not 'reasonably suitable for the ordinary purposes for which goods of that kind and description are used' . . . and that such defect existed at the time of sale and proximately caused the damages complained of." *Walsh v. Atamian Motors, Inc.*, 10 Mass.App.Ct 828 (Mass.App. 1980) citing G.L. c. 106 § 2-314(2)(c) (internal citations omitted). In addition, "[a]s to automobiles, it has generally been held that a breach of the implied warranty of merchantability occurs only when a defect is so basic as to render the vehicle unfit for its ordinary purpose or providing safe, reliable transportation." *Finigan-Mirisola v. DaimlerChrysler Corp.*, 69 Mass.App.Ct. 1111, *2 (Mass.App. 2007).

The Complaint contains only vague, conclusory allegations relating to a breach of "implied warranties" and is devoid of any allegations that Hyundai Defendants were involved in the sale, the vehicle was not merchantable, or caused Plaintiff damages.[1] Accordingly, Plaintiff has failed to allege sufficient facts to support a claim for breach of implied warranty against Hyundai Defendants and thus, any claims for breach of the implied warranty of merchantability should be dismissed.

Second, G.L. 106 § 2-315 provides that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying

---

[1] Hyundai Defendants note that Plaintiff purchased a ten-year old vehicle with 63,468 miles. *Id*. at ¶88.

on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." Therefore, in order to plead a proper claim for breach of the implied warranty of fitness for a particular purpose, the complaint must allege at a minimum, the "particular purpose" for which the goods are to be used. *See Rule v. Fort Dodge Animal Health, Inc.*, 604 F.Supp.2d 288, 297 (D.Mass.2009).

Similar to the above, the Complaint is devoid of any allegations that Hyundai Defendants were involved with the sale and that Plaintiff had a particular purpose for the subject vehicle beyond the ordinary use of transportation. Accordingly, Plaintiff has failed to allege sufficient facts to support a claim for breach of the implied warranty of fitness for a particular purpose and any such claim should be dismissed.

Third, Plaintiff alleges that HMA violated the Magnuson-Moss Warranty Act by failing "to perform the obligations it expressly agreed to under the terms of its warranty," Plaintiff fails to provide any citation or allegation as to what written warranty HMA failed to comply with. In Count Ten, Plaintiff alleges nothing more than general warranty language and mere boilerplate language taken from the MMWA statute itself. The pleading requirements outlined in Federal Civil Rules of Procedure 8 and 12 require more than simply stating the elements of the cause of action with no citation or reference to any facts. While Plaintiff references an extended warranty for certain engines elsewhere in the Complaint, Plaintiff admits that he was informed that the vehicle's "engine was ineligible for replacement under the lifetime warranty because it did not have the required software update issued under Service Campaign 953." Compl. ¶213. It is unclear what Plaintiff's basis is for the claim against MMWA, as Plaintiff fails to allege sufficient facts to support a claim for breach of written warranty, and refers to purported breaches of implied

warranty, which for the reasons discussed above fail as a matter of law. Compl. ¶420.  Therefore, Plaintiff's Count Ten should be dismissed as well.

### C.    Plaintiff's Breach of Warranty Claims against Hyundai Defendants are Time-Barred by the Applicable Four-Year Statute of Limitations

Notwithstanding Plaintiff's insufficient pleading in the Complaint, it is well-settled in the Commonwealth that claims for breach of contract and breach of express or implied warranties based upon the sale of goods, like here, are governed by the four-year limitations period set forth in Mass.Gen.Laws c. 106 § 2-725. *See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103 (1989) (holding that contract-based warranty claims seeking solely economic loss damages are governed by the statute of limitations found in § 2-725); *Rosario v. M.D. Knowlton Co.*, 54 Mass.App.Ct. 796 (2002) (holding that breach of express warranty action was governed by § 2-725); *Raytheon Technology Corporation*, 10 Mass.L.Rptr. 510, 1999 WL 753483 (Mass.Super. 1999) (holding that the action, seeking economic damages for an allegedly defective product "involve[ed] the sale of goods, [and was] governed by Article 2 of the Uniform Commercial Code, G.L. c.106, § 2-725 . . ."); *Burke v. Foremost Ins. Co.*, 18 Mass.L.Rptr. 625, 2004 WL 3152179 (Mass.Super. 2004).

Section 2-725 provides in relevant part as follows:

(1) ***An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.***  By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  ***A breach of warranty occurs when tender of delivery is made,*** except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Mass.Gen.Laws c. 106 § 2-725 (emphasis added).

Therefore, pursuant to the plain language of Mass.Gen.Laws c. 106 § 2-725, a breach of

contract or breach of warranty action must be commenced within four years after tender of delivery of the goods is made. *Id*.; *see also Bay State, supra* (holding that action for breach of warranty based on defective engine was time barred by § 2-725 because it was not commenced within four years of original delivery); *Trans-Spec Truck Service, Inc. v. Caterpillar, Inc.*, 524 F.3d 315 (1st Cir. 2008) (dismissing breach of warranty action based on defective truck engines because the claims were "time barred by the four-year statute of limitations that began to run on the date of delivery of the trucks").

In the Complaint, Plaintiff alleges that he purchased the vehicle on October 30, 2021. *See* Compl. ¶104. At the time, the vehicle had 63,468 miles. *Id*. at ¶88. It is undisputed, however, that the vehicle is a 2011 model year, was purchased used as a ten-year of vehicle, and thus, its original retail delivery was much earlier than October 30, 2021. *See id*. at ¶¶ 87-104. Plaintiff did not file the instant action until October 30, 2021 – well beyond the four years after original delivery of the vehicle. Plaintiff does not allege that Hyundai Defendants were parties to Plaintiff's sales transaction. Accordingly, Plaintiff's claims are untimely pursuant to Mass.Gen.Laws c. 106 § 2-725 by several years. Therefore, this Court should dismiss Plaintiff's claims for breach of implied warranty of merchantability (Count Eight) and breach of implied warranty of fitness for a particular purpose (Count Nine) against Hyundai Defendants, and also Plaintiff's Magnuson-Moss Warranty Act claim (Count Ten) against HMA.

## II.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR FRAUDULENT MISREPRESENTATION OR FOR VIOLATION OF CHAPTER 93A

In the Complaint, Plaintiff asserts a claim for fraudulent misrepresentation against HMA (Count Eleven), violation of Chapter 93A against HMA (Count Sixteen), and violation of Chapter 93A against HMMA (Count Seventeen). These claims against HMA and HMMA should be

dismissed because the Complaint fails to state sufficient facts to support a claim under the heightened pleading standard of Fed.R.Civ.P. Rule 9(b).

### A.    The Complaint Does not Comply with F.R.C.P. Rule 9(b).

F.R.C.P. Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" and further requires that the complaint specify the "time, place, and content of an alleged false representation." *See O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F.Supp.3d 441, 450 (D.Mass.2018). This standard applies to alleged misrepresentations forming the basis of both Plaintiff's claim under Chapter 93A. *Id.* citing *Mulder v. Kohl's Pep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir.2017).

Here, the Complaint's allegations supporting Plaintiff's fraudulent misrepresentation claim against HMA and Chapter 93A claim against HMA and HMMA is devoid of any allegations that HMA made any specific misrepresentation to Plaintiff. Instead, Plaintiff relies upon vague, generalized and conclusory assertions that HMA and/or HMMA misrepresented the warranty status of the vehicle. While the Complaint contains references to other alleged representations, those allegedly were made by co-defendant BHCC, not HMA or HMMA. Compl. ¶424. The Complaint is otherwise devoid of allegations specifying the "time, place, and content" of such alleged false or deceptive acts as it pertains to HMA or HMMA as required under Rule 9(b). For this reason alone, the Court should dismiss Counts Eleven, Sixteen, and Seventeen of the Complaint.

### B.    Counts Eleven, Sixteen, and Seventeen Should Also Be Dismissed for Failure to State a Claim.

In addition to the failure to meet the specificity requirements of Rule 9(b), Plaintiff's fraudulent misrepresentation claim against HMA and Chapter 93A claims against HMA and HMMA fail to state a claim.

"Under Massachusetts law, to recover on fraudulent misrepresentation claims, a plaintiff must establish that defendants: (1) made a false representation of material fact; (2) with knowledge of its falsity; (3) for the purpose of inducing the plaintiff[] to act on this representation; (4) "that the plaintiff[] reasonably relied on the representation as true; and (5) "that [the plaintiff] acted upon it to their damage." *AcBel Polytech, Inc. v. Fairchild Semiconductor Corp.*, 928 F.3d 110, 122 (1st Cir. 2019). Noticeably absent from the Complaint is any allegation that HMA a statement – let alone a false statement of material fact – with respect to the alleged warranty coverage for the alleged defect. Accordingly, Plaintiff's fraudulent misrepresentation claim against HMA fails.

Here, Plaintiff merely alleges conclusory and general facts against HMA and HMMA to support Chapter 93A claim. However, a claim under Chapter 93A that implicating fraud is also subject to the heightened pleading requirement. *Crisp Human Capital Ltd. v. Authoria Inc.*, 613 F. Supp. 2d 136, 139 (D. Mass. 2009); *see also Auctus Fund, LLC v. Players Network, Inc.*, 2021 U.S. Dist. LEXIS 259634 at *16 (D. Mass. Dec. 10, 2021) (dismissing a Chapter 93A claim because the plaintiff failed to allege sufficient allegations to meet Rule 9(b)'s heightened pleading requirement). Therefore, Plaintiff's Chapter 93A claims against HMA and HMMA should also be dismissed.

III.    **PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM AGAINST HMA IS BARRED BY THE ECONOMIC LOSS RULE AND THREE-YEAR STATUTE OF LIMITATIONS**

A.    **Plaintiff's Negligent Misrepresentation Claim against HMA is Barred By The Economic Loss Rule.**

In Massachusetts, purely economic losses are not recoverable in tort actions in the absence of personal injury or property damage. *See Wyman v. Ayer Properties, LLC*, 490 Mass. 64, 69 (2014) ("This Court has long stood with the majority of jurisdictions in embracing the economic loss rule."); *see also FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993). Economic

12

losses include damages for value, repair costs, replacement of the defective product, and resulting loss of profits. *See Berish v. Bornstein*, 437 Mass. 252, 267 (2002). The rationale underlying the economic loss rule is that if only a product sustains injuries, a party "should be left to its contractual remedies." *See Wyman*, at 70.

As referenced in the Complaint, Plaintiff's negligent misrepresentation claim against HMA arises from an alleged defect with the vehicle, warranty, and obligation to repair.  Compl. ¶¶ 432-436.[2]  Therefore, Plaintiff's negligent misrepresentation claim sound in contract.  Plaintiff failed to allege any specific personal injury or property damage as a proximate result of the alleged failure to cover repairs or rental charges.  Thus, the economic loss rule limits Plaintiffs to contract-based remedies and bars Plaintiff's negligence misrepresentation claim as a matter of law.

**B.**    **Plaintiff's Negligent Misrepresentation Claim is Also Time-Barred By The Three-Year Statute of Limitations.**

Plaintiff's negligence claim is also time-barred by the applicable statute of limitations. In the Commonwealth, tort-based claims, such as negligence, are subject to the three-year limitations period set forth in Mass. Gen Law. c. 260 § 2A. *See Quinn v. Walsh*, 49 Mass.App.Ct. 696, 697-98 (2000).  For negligence claims, a cause of action accrues at the time of injury. *See id*. ("The general rule is that a cause of action in tort accrues at the time the plaintiff is injured"); *see also Riley v. Presnell*, 409 Mass. 239, 243 (1991) (holding that once a defendant establishes that the action was brought more than three years from the date of the injury, the "burden of proving facts that take the case outside the impact of the statute falls to the plaintiff"). At the time of accrual, a plaintiff does not need to know the full extent of the harm suffered, as long as some degree of harm or injury occurred. *See Medical Professional Mut. Ins. Co. v. Breon Laboratories, Inc.*, 966

---

[2] HMA also notes that Plaintiff asserts Count Twelve against three defendants (including HMA) and fails to distinguish allegations amongst the three.

F.Supp. 120, 125 (D. Mass. 1997); *see also Quinn v. Walsh*, 49 Mass.App.Ct. at 698 (discussing that the statute of limitations does not extend until the full extent or consequences of an alleged injury are known).

In Count Ten of the Complaint, Plaintiff asserts a negligent misrepresentation claim against HMA stemming from the alleged refusal to cover repairs to the subject vehicle. However, Plaintiff alleges that he purchased the vehicle on October 30, 2021 and thus, the statute of limitations began to run on that date at the latest as Plaintiff knew or should have known about the purported "engine issues" by that time. Compl. ¶ 104. Here, it is undisputed that Plaintiff did not file the action until October 30, 2025 – beyond the three years statute of limitations period. Plaintiff cannot extend the limitations period by simply alleging that he later "reasserted his warranty claim." *Id*. at ¶ 435. Therefore, the Court should dismiss Count Twelve against HMA.

## CONCLUSION

For the foregoing reasons, Defendants Hyundai Motor America, Hyundai America Technical Center, Inc., and Hyundai Motor Manufacturing Alabama, LLC respectfully request that this Court dismiss the Complaint in its entirety, with prejudice, together with such other and further relief that this Court deems just and proper.

Dated:  March 31, 2026

Respectfully submitted,

Defendants Hyundai Motor America, Hyundai America Technical Center, Inc., and Hyundai Motor Manufacturing Alabama, LLC
By their attorneys


  _s/ Joseph Muccio_
Joseph Muccio III, Esq. (BBO #706845)
ROSEWALDORF PLLC
501 New Karner Road
Albany, New York 12205
(518) 869-9200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered on this date, March 31, 2026.

    *s/ Joseph Muccio*
Joseph Muccio III, Esq. (BBO #706845)