UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS GREVE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:25-cv-13178-AK |
| CREDIT ACCEPTANCE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**REPLY IN SUPPORT OF DEFENDANT CREDIT ACCEPTANCE CORPORATION'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Defendant Credit Acceptance Corporation ("Credit Acceptance"), pursuant to Standing Order B.3, hereby submits this Reply in Support of Credit Acceptance's Motion to Dismiss and Compel Arbitration (the "Motion"). In short, Credit Acceptance's Motion must be granted because there was a valid arbitration agreement contained by the contract, which Plaintiff Thomas Greve ("Plaintiff") executed and performed by accepting the vehicle and financing.

### I.      **Plaintiff Executed a Valid Arbitration Agreement**

Courts apply traditional state law to determine whether a valid agreement to arbitrate exists. *See Bourque v. Rollins, Inc.*, 764 F.Supp.3d 11, 15 (D. Mass. 2025); *Adams v. America's Test Kitchen, LP*, 680 F.Supp.3d 31, 36 (D. Mass. 2023). "The essential elements for the formation of a contract under Massachusetts law consist of an offer, acceptance, and consideration." *Id.* (quoting *Doe v. Trs. of Boston College*, 892 F.3d 67, 89 (1st Cir. 2018)). "The policy [favoring arbitration] is to make 'arbitration agreements as enforceable as other contracts, but not more so.'" *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). To show

that a standardized contract "was formed, 'there must be both ... notice of the terms of the contractual offer and a reasonable manifestation of assent to those terms so as to constitute acceptance of the offer.'" *Schwartz v. HelloFresh SE*, No. 1:25-CV-12222-JEK, 2026 WL 161514, at *3 (D. Mass. Jan. 21, 2026) (quoting *Good v. Uber Techs., Inc.*, 494 Mass. 116, 126 (2024)).

Plaintiff executed a valid contract when he signed the Retail Loan Installment Agreement (the "Agreement") for the 2011 Hyundai Sonata (the "Vehicle") on October 30, 2021. This Agreement contained a valid arbitration provision that Plaintiff signed twice: first, on page one of the Agreement which gave notice to the Plaintiff of the arbitration provision, and then again on the arbitration clause itself *See* DN 34, Exhibit A, at 1, 5. Plaintiff had notice of the arbitration terms, he signed the Agreement stating as such, and he gave reasonable manifestation of assent when he executed the Agreement. *See Schwartz*, No. 1:25-CV-12222-JEK, 2026 WL 161514, at *3. Plaintiff now argues that this Agreement was actually a product of fraud, that there was no contract formed, and there is no valid agreement to arbitrate. *See* DN 39. Plaintiff's argument does not invalidate the Agreement nor the arbitration provision because Plaintiff consented to the arbitration clause, he executed the Agreement, and he performed under the Agreement by accepting financing and the Vehicle. Further, the arbitration provision was fair to both parties, had no unconscionable terms, and was not induced by fraud or other common defenses as it was in bolded letters and used "fairly clear language" and Plaintiff executed both sections acknowledging the arbitration provision. *See Vaiano v. United National Corp.*, 733 F.Supp.3d 32, 42-43 (D. Mass. 2024). Plaintiff's after-the-fact denial of assent should not allow him now to avoid the terms and provisions of the Agreement when it suits him after Plaintiff has already received the benefits of the Agreement.

**II.        The FAA Requires A Written Arbitration Provision Only**

Further, the Federal Arbitration Act (FAA) undeniably requires only a written arbitration provision, not affidavit testimony. 9 U.S.C. §4 (if "an agreement for arbitration was *made in writing* and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof") (emphasis added); *see Crean v. Morgan Stanley Smith Barney, LLC*, 652 F.Supp.3d 171, 180 (D. Mass. 2023). Secondary evidence, such as an affidavit, is not required when the signed arbitration agreement is already before the court, but is merely permissible when the moving party cannot show the arbitration agreement. *See id.*

Here, Plaintiff signed the Agreement and the arbitration provision contained therein, and that Agreement and its arbitration provision is in already before the Court. *See* DN 34, Exhibit A. Plaintiff's contention that Credit Acceptance must now also generate an affidavit would impose a new evidentiary requirement beyond that of the FAA and such a rule cannot stand. Further, no plausible reading of Local Rule 7.1(b)(1) mandates an affidavit where the operative agreement is already before the court, as it is here.  Not to mention, the document is admissible in evidence as it is signed by a party opponent.

Finally, Courts routinely compel arbitration based on signed agreements alone. *See, e.g.*, *Schwartz v. HelloFresh SE*, No. 1:25-CV-12222-JEK, 2026 WL 161514, at *5 (D. Mass Jan. 21, 2026); *Bourque*, 764 F.Supp.3d at 15-16 (D. Mass. 2025); *Vaiano*, 733 F.Supp.3d at 38 (D. Mass. 2024) (holding signed arbitration agreement sufficient to compel arbitration); *Adams*, 680 F.Supp.3d at 36 (D. Mass. 2023). Credit Acceptance has provided the signed Agreement which contained the arbitration provision. This is sufficient under the clear precedent of this district, to grant the Motion and compel arbitration of this matter. Having

signed and benefitted from the Agreement, Plaintiff cannot now avoid arbitration by challenging execution while retaining the Agreement's benefits.

Respectfully submitted,

Credit Acceptance
Corporation, by its attorney,

/s/ Kevin Polansky
Kevin Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
p.  617-217-4720
Dated: April 2, 2026               f.  617-217-4710

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Kevin Polansky
Kevin P. Polansky